IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JEFFREY C. DIX, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 2:11-CV-4174-MJW |
| WILLIAM GRIFFIN, et al., | ) |
| Defendants. | ) |

**SUGGESTIONS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**

**ARMSTRONG TEASDALE LLP**

J. Kent Lowry #26564
Matthew D. Turner #48031
3405 West Truman Boulevard, Suite 210
Jefferson City, Missouri 65109-5713
(573) 636-8394
(573) 636-8457 (facsimile)
klowry@armstrongteasdale.com
mturner@armstrongteasdale.com

**ATTORNEYS FOR DEFENDANTS**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | BACKGROUND FACTS | 1 |
| II. | STANDARD OF DECISION | 2 |
| III. | BASES FOR DISMISSAL | 3 |
| | A. Plaintiffs fail to state a federal claim for copyright infringement in Count VI. | 3 |
| |     1. Plaintiff Dix's claim in Count VI for violation of federal intellectual property laws is barred by *res judicata*. | 3 |
| |     2. Plaintiff Dix fails to state a claim in Count VI even if *res judicata* is not applied. | 8 |
| |     3. Upon dismissal of the federal claim, the Court should dismiss the pendent state claims. | 10 |
| | B. Plaintiff Dix fails to state a claim in Count V because an agreement to negotiate in the future is unenforceable as a matter of law. | 11 |
| | C. Plaintiffs fail to state a claim in Counts III and IV for quantum meruit. | 12 |
| | D. Plaintiffs fail to state a claim against any particular defendant in Counts I and II for breach of contract. | 13 |
| | E. Plaintiffs' claims in Count I and II are necessarily barred either by the statute of limitations or the statute of frauds. | 15 |
| IV. | CONCLUSION | 15 |

Exhibit 1 - Complaint (Florida case)

Exhibit 2 - Order (Florida case)

Exhibit 3 - Amended Complaint (Florida case)

Exhibit 4 - Order (Florida case)

Exhibit 5 - Plaintiff's Certificate of Interested Persons (Florida case)

Exhibit 6 - Stipulation

# TABLE OF AUTHORITIES

*Allen v. McCurry,* 449 U.S. 90 (1980). 5

*Ashcroft v. Iqbal*, 129 S. Ct 1937 (2009). 2, 12, 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). 2, 3, 12

*Brown v. Medtronic, Inc.*, 628 F.3d 451 (8th Cir. 2010). 2

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988). 11

*Costner v. URS Consultants, Inc.,* 153 F.3d 667 (8th Cir. 1998). 5

*Dodson v. University of Ark. for Med. Sciences*, 601 F.3d 750 (8th Cir. 2010). 5

*E.J. Vitello Plumbing, Inc. v. Wayne M. Roberts, Inc*., 955 S.W.2d 222 13
    (Mo. App. E.D. 1997).

*Equal Employment Opp. Comm'n v. Apria Healthcare Group, Inc.,* 2, 4
    222 F.R.D. 608 (E.D. Mo. 2004).

*Fairbanks v. Chambers*, 665 S.W.2d 33 (Mo. App. W.D. 1984). 14

*Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394 (1981). 5, 7

*Fedynich v. Massood*, 342 S.W.3d 887 (Mo. App. W.D. 2011). 12

*Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737 (8th Cir. 2009). 10

*Hamilton v. Palm*, 621 F.3d 816 (8th Cir. 2010). 2

*Hartman v. Hallmark Cards, Inc*., 639 F. Supp. 816 (W.D. Mo. 1986). 8

*Hoffman v. Franklin County Mercantile Bank*, 666 S.W.2d 446 12
    (Mo. App. E.D. 1984).

*In re Canadian Import Antitrust Litigation*, 470 F.3d 785 (8th Cir. 2006). 10, 11

*In re Marlar*, 267 F.3d 749 (8th Cir. 2001). 6

*Irving v. Dormire*, 2009 WL 1588669 (W.D. Mo. 2009). 8

*Jemison v. Wise*, 386 Fed. Appx. 961 (11th Cir. 2010). 4

*L-Tec Electronics Corp. v. Cougar Electronic Organization, Inc*., 7
    198 F.3d 85 (2nd Cir. 1999).

*Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007). 4, 5

*Magical Mile, Inc. v. Benowitz*, 510 F. Supp.2d 1085 (S.D. Fla. 2007). 9

*Mills v. Des Arc Convalescent Home*, 872 F.2d 823 (8th Cir. 1989). 6

*Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978 (8th Cir. 2008). 2

*Peviani v. Hostess Brands, Inc*., 750 F.Supp.2d 1111 (C.D. Cal. 2010). 3

*Realty Resources, Inc. v. True Docugraphics, Inc.*, 312 S.W.3d 393 12
   (Mo. App. E.D. 2010).

*Satterfield v. Missouri Dental Ass'n*, 642 S.W.2d 110 (Mo. App. W.D. 1982). 15

*Sefton v. Jew*, 201 F.Supp. 2d 730 (W.D. Tex. 2001). 9

*Stahl v. U.S. Dept. of Agric.*, 327 F.3d 697 (8th Cir. 2003). 4

*Stutzka v. McCarville*, 420 F.3d 757 (8th Cir. 2005). 3

*Teter v. Glass Onion, Inc*., 723 F. Supp. 2d 1138 (W.D. Mo. 2010). 9, 10

*Yankton Sioux Tribe v. U.S. Dept. of Health and Human Services*, 7
   533 F.3d 634 (8th Cir. 2008).

Fed. R. Civ. P. 12 4, 5

Fed. R. Civ. P. 41 4

Fed. R. Evid. 201 3

17 U.S.C. § 507 9

28 U.S.C. § 1331 5, 10

28 U.S.C. § 1367 10

M0. CONST. art. XI, § 8 14

MO. REV. STAT. § 351.275 (2000) 14

MO. REV. STAT. § 432.020 (2000) 15

MO. REV. STAT. § 516.120 (2000) 15

# SUGGESTIONS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

## I.     BACKGROUND FACTS

Plaintiff Dix claims that he verbally contracted with his brother-in-law, Clayton Graham, to prepare a master site plan for a real estate development called "Lakeside at Cross Creek" (hereinafter "Lakeside Development"). (Complaint, ¶¶ 13, 16). He claims he was to be paid $160 per hour for his services up to an estimated $50,000 and/or provided a one-half interest in a condominium unit at the Lakeside Development, also valued at $50,000. (Complaint, ¶¶17-19). He claims that his company, plaintiff Dix.Lathrop, also verbally contracted with Mr. Graham to provide services at its hourly billing rate. (Complaint, ¶ 20). While the basis for any of the defendants' liability or responsibility for this purported "brother-in-law" contract is unclear and unpleaded, plaintiffs nonetheless assert that defendants owe plaintiff Dix further payment in the amount of $32,132.50 and plaintiff Dix.Lathrop $7,745.57. (Complaint, ¶¶ 34, 43).

As the sole basis for federal jurisdiction, plaintiff Dix claims that he owns a copyright for a Lakeside Master Plan and that the defendants have infringed upon that copyright. (Complaint, Count VI). Plaintiff Dix has admitted, however, that one or more of the defendants were licensed to use the site plan.

The Court benefits from additional background on these claims since they have been adjudicated already in the United States District Court, Middle District of Florida, case no. 6:09-cv-2040-Orl-28DAB. Plaintiff Dix brought the same claims in Florida as he does in Missouri. In Florida, plaintiff Dix suffered a dismissal on the merits for failure to state a claim for intellectual property infringement, and his pendent state law claims were dismissed for lack of subject matter jurisdiction. (*See* Exs. 1 through 5 ). The same outcome will obtain here.

## II. STANDARD OF DECISION

Defendants move for dismissal under Rule 12(b)(6) for failure to state a claim. The federal requirements to state a claim were interpreted recently in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct 1937 (2009).

"'[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949 and *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 555). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556).

The court may look to any documents "attached to or incorporated within a complaint" to determine if the plaintiff has stated a plausible claim. *Brown v. Medtronic, Inc.*, 628 F.3d 451, 460 (8th Cir. 2010) (citations omitted). The Court also may "consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 982 (8th Cir. 2008) (quotation marks and citations omitted). *See also, Equal Employment Opp. Comm'n v. Apria Healthcare Group, Inc.,* 222 F.R.D. 608, 610 n.1 (E.D. Mo. 2004) ("[A] district court may take judicial notice of public records and may consider them on a motion to dismiss").

When the allegations in a complaint do not satisfy the above-stated requirements, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotations and citation omitted). Dismissal with prejudice is appropriate when the complaint fails to state a claim for relief that is plausible on its face. *Twombly,* 550 U.S. at 570.

### III. BASES FOR DISMISSAL

#### A. Plaintiffs fail to state a federal claim for copyright infringement in Count VI.

Plaintiff Dix's federal claim in Count VI should be dismissed for failure to state a claim. Count VI is barred by *res judicata* and otherwise fails to plead a copyright claim. The complete defense of *license* also is admitted. Upon dismissal of Count VI, the Court should decline to exercise supplemental jurisdiction over the remaining pendent state law claims.

  1. Plaintiff Dix's claim in Count VI for violation of federal intellectual property laws is barred by *res judicata*.

In his pleadings before the federal district court in Florida, of which this Court may take judicial notice[1], plaintiff Dix asserted that he created "a master site plan for a planned community called Lakeside" and "registered said site plan . . . with the United States Library of Congress." (Ex. 1, ¶¶ 7-8). He claimed that the use of the site plan by William Griffin and RJR Contracting, LLC[2] was "an infringement of Mr. Dix's registered trademark." (Ex. 1, ¶ 12). In Florida, plaintiff Dix based federal question jurisdiction on his assertion of a Lanham Act

---

[1] Courts may take judicial notice of "judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 761 (8th Cir. 2005). Rule 201(b) of the Federal Rules of Evidence permits the Court to take judicial notice (and requires it to do so at any stage of the proceedings when a party requests) of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The PACER records of the Florida case meet these requirements. *See Peviani v. Hostess Brands, Inc*., 750 F.Supp.2d 1111, 1116 (C.D. Cal. 2010) (judicial notice of PACER records).

[2] In error, plaintiff Dix named an entity, RJR Contracting, LLC, as a defendant in the Florida case. RJR Contracting, LLC has no relationship to this case. Plaintiff likely meant RJR, L.L.C., which is a defendant in the present case.

infringement claim. (Ex. 1, ¶ 1). Under supplemental jurisdiction, Dix asserted a state law claim for breach of contract for not being paid for his work (Ex. 1, ¶¶ 13-18.

The Florida district court dismissed plaintiff Dix's infringement claim for failure to state a claim. (Ex. 2) ("The Complaint in this matter does not contain sufficient factual matter to state a claim for relief that is plausible on its face. . . . Count I of the Complaint is dismissed.)". The Court then dismissed the pendent state law claim for lack of diversity jurisdiction. (Ex. 2). The Court gave Dix an opportunity to amend. (Ex. 2). Dix filed an untimely Amended Complaint (Ex. 3), but the Court found that it still did not state a claim and upheld the dismissal. (Ex. 4).

Dismissals in federal court for failure to state a claim are deemed to be "with prejudice," unless otherwise stated. *Jemison v. Wise*, 386 Fed. Appx. 961, 964 (11th Cir. 2010) (citing Fed. R. Civ. P. 41(b)). Thus, the district court's dismissal of plaintiff Dix's federal *trademark* infringement claim was with prejudice to refiling[3]. Dix did not appeal the dismissal of his federal infringement claim.

In the present lawsuit, and under the identical operative facts as in Florida, plaintiff Dix claims *copyright* infringement as his federal question. This claim is barred by *res judicata* based on the dismissal in the Florida federal case.

This Court may consider judicially noticed facts in a Rule 12(b)(6) motion. *Apria Healthcare Group, Inc.,* 222 F.R.D. at 610, n.1. *See also, Stahl v. U.S. Dept. of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"). It is common for Courts to take judicial notice of filings and orders from other court proceedings in considering and deciding a motion to dismiss and, in particular, when *res judicata* is raised in a Rule 12(b)(6) motion. *See Levy v. Ohl*, 477

---

[3] Defendants do not assert that the state law claims for breach of contract were dismissed with prejudice.

4

F.3d 988, 991-92 (8th Cir. 2007) (approving consideration of state court record of a dismissal with prejudice in deciding a Rule 12(b)(6) motion, without requiring it to be treated as one for summary judgment).

*Res judicata* is expressly recognized in the Eighth Circuit as "a potential basis for dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Dodson v. University of Ark. for Med. Sciences*, 601 F.3d 750, 760 (8th Cir. 2010). Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). For a claim to be barred by *res judicata*, a party must show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.,* 153 F.3d 667, 673 (8th Cir. 1998).

A dismissal for failure to state a claim is a "judgment on the merits." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399, n.3 (1981). Thus, the dismissal of plaintiff Dix's federal infringement claim for failure to state a claim in Florida federal court, which he did not appeal, was a final judgment on the merits.

With respect to "proper jurisdiction" in the earlier suit, the federal district court in Florida exercised its jurisdiction under 28 U.S.C. § 1331. It ruled that the federal infringement count did not state a claim. Plaintiff Dix did not appeal that order or challenge the Court's jurisdiction.

Plaintiff Dix was a party in both cases. Only Dix, as an individual, is asserting the infringement claims. The new plaintiff in this case, Dix.Lathrop, has asserted no federal claim to which *res judicata* must be applied. Dix.Lathrop would be in privity with Jeff Dix regardless.

Plaintiff Dix named additional defendants in the Missouri case. However, they are in

5

privity with William Griffin, who was a party to both the Florida and the Missouri cases. For *res judicata* purposes, "privity" means "a person so identified with another that he represents the same legal right." *In re Marlar*, 267 F.3d 749, 754 (8th Cir. 2001) (quotation marks and cite omitted). It "denotes mutual or successive relationship to the same right of property." *Id*. When additional defendants are added, the question is whether their interests "were adequately congruent to those of the defendants in the earlier suit." *Mills v. Des Arc Convalescent Home*, 872 F.2d 823, 827 (8th Cir. 1989).

Defendant William Griffin is alleged to be a principal of defendants G&G and Village at Cross Creek. (Complaint, ¶ 15). VOC Investments, LLC, is alleged to be the owner of the "Lakeside at Cross Creek" business, using the Lakeside Master Plan. (Complaint, ¶¶ 9 & 26). Village at Cross Creek, LLC and/or VOC are alleged to be the successors in interest to the assets and liabilities of defendants Griffin, RJR, L.L.C. [4] and G&G Development Company, Inc. (Complaint, ¶ 27). Plaintiff Dix does not distinguish between any of the defendants and asserts liability for copyright infringement in Count VI against them as a group. The added defendants are all "privies" of defendant Griffin for the purposes of *res judicata*. They all have the same legal interest in plaintiff Dix's federal infringement claims with respect to the Lakeside Development. Plaintiff Dix treats them all as a group for the purpose of Count VI[5].

With respect to the final element requiring both suits to be based upon the same claims or causes of action, a comparison of the Florida Complaint (Ex. 1) and the Complaint in this case confirms that the claims are based on identical facts and causes of action. Plaintiff Dix may

---

[4] RJR, L.L.C. is not a party to both suits only by virtue of plaintiff Dix's error in suing RJR Contracting, LLC, instead of RJR, L.L.C.

[5] *See* Exhibit 5. The Court should take judicial notice of the fact that plaintiff Dix represented to the district court in Florida that no parties, other than William Griffin and RJR (albeit misnamed), had or might have any interest in these claims. If Dix truly had claims against the additional defendants, they were necessary parties under Rule 19(a) and should have been joined in Florida.

argue that his *trademark* infringement claim in Florida is different from his *copyright* infringement claim in Missouri federal court. "Parties are bound, however, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Yankton Sioux Tribe v. U.S. Dept. of Health and Human Services*, 533 F.3d 634, 640 (8th Cir. 2008) (quotes and citations omitted).

Plaintiff Dix sought relief in Florida federal court for violation of his alleged intellectual property rights relating to the Lakeside Development site plan and based on some federal registration of those rights. It appears that he simply erred in describing the claims in Florida as *trademark* instead of *copyright*.[6] Plaintiff Dix nonetheless makes the same claims in this case. The infringement claims in Florida and in Missouri are based on the same underlying facts and seek the same fundamental relief. Plaintiff suffered a judgment on the merits on his federally-based intellectual property infringement claims in Florida and cannot re-assert the same claims in Missouri federal court under a different denomination. This preclusion is the fundamental premise of *res judicata*.

The dismissal in Florida encompassed not only the federal claim he brought on the basis of these facts but also any claims he could have brought. A judgment of dismissal for failure to state a claim "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc.,* 452 U.S. at 398. "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *L-Tec Electronics Corp. v. Cougar Electronic Organization, Inc.*, 198 F.3d 85, 88 (2nd Cir. 1999) (citation omitted).

---

[6] The Court should note that although the Florida pleadings use the word "trademark," plaintiff Dix attached copies of his alleged "copyright" application to his Amended Complaint in Florida. (Ex. 3).

"[R]es judicata protects against the expense and vexation of attending multiple lawsuits, conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Irving v. Dormire*, 2009 WL 1588669, at *2 (W.D. Mo. 2009). The Court cannot permit plaintiff Dix a second run at the same intellectual property claims he pursued in Florida federal court and for which he suffered a final judgment of dismissal, with prejudice, for failure to state a claim. On the basis of *res judicata*, plaintiff Dix's copyright infringement claim must be dismissed.

> 2. Plaintiff Dix fails to state a claim in Count VI even if *res judicata* is not applied.

Even without *res judicata*, plaintiff still fails to state a claim in Count VI.

Plaintiff Dix's purported copyright claims are, at best, insufficiently pleaded, and at worst, unintelligible. He claims to have a registered copyright for a "Lakeside Master plan" (Complaint, ¶ 75). He claims vaguely that "Defendants" have infringed by copying the master plan, by preparing a derivative work based on the master plan, by displaying the plan or a derivative work on the internet and by distributing copies of the plan during construction of the Lakeside Development. (Complaint, ¶¶ 77-80). Plaintiff fails to identify specific acts of any particular defendant, any actor or recipient or any context of the alleged violations. He fails to state the time that any allegedly infringing conduct occurred. These general, conclusory statements are insufficient to state a claim for copyright infringement.

The Western District of Missouri applies a heightened pleading standard in copyright cases, stating that "courts have required that particular infringing acts be alleged with some specificity." *Hartman v. Hallmark Cards, Inc.*, 639 F. Supp. 816, 820 (W.D. Mo. 1986). This Court has affirmed that the failure to plead "the distinctive characteristics of acts which would constitute alleged infringement . . . precludes the plaintiff from asserting a cause of action as to

8

those acts." *Id*. (internal quotes and citation omitted). A plaintiff must plead, among other elements, "by what acts and during what time the defendant has infringed the copyright." *Sefton v. Jew*, 201 F.Supp. 2d 730, 747 (W.D. Tex. 2001); *Magical Mile, Inc. v. Benowitz*, 510 F. Supp.2d 1085, 1087 (S.D. Fla. 2007). The time of alleged acts of infringement is critical, given the short, 3 year statute of limitations applicable to infringement claims. 17 U.S.C. § 507(b). To state a claim, plaintiff Dix must describe specifically the distinct acts of each defendant that constitute infringement and the time. Threadbare recitals of a cause of action's elements and insufficient facts to demonstrate a defendant's liability are not enough to state a claim under *Twombly, Iqbal* and the above Western District authority.

Plaintiff's claim in Count VI also fails because the allegations do not purport to include conduct that occurred within the applicable 3 year statute of limitations.

Further, plaintiff's pleadings indicate, at the very least, the existence of an express or implied license in favor of one or more of the defendants to use the site plan. The existence of a license is a defense to a copyright infringement claim. *Teter v. Glass Onion, Inc*., 723 F. Supp. 2d 1138, 1147 (W.D. Mo. 2010). Pleadings reflect the grant of an express license by plaintiff Dix for one or more of the defendants to use the site plan and prepare derivative works, if any. In the Florida case, plaintiff Dix expressly pleaded the existence of a license in favor of defendants Griffin and RJR Contracting to use the plan generally and to use it in connection with construction of the Lakeside Development. (Ex. 1, ¶¶ 7, 10, 14-16).

Despite plaintiff's admission of an express license, a license may arise also by implication. "[A] nonexclusive implied license can be granted verbally or implied from conduct." *Teter*, 723 F. Supp. 2d at 1147 (citations omitted). "[A]n implied license may be granted when (1) a person (the licensee) requests the creation of a work, (2) the creator (the

9

licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." *Id*. (citing *Effects Associates v. Cohen*, 908 F.2d 555, 558-59 (9th Cir.1990)).

Plaintiff Dix asserts that representatives of the defendants or their agent(s) commissioned the work to be used in the Lakeside Development and that it was so used, impliedly with his permission. To then argue that defendants could not use the plan, display the plan on its website or distribute copies to contractors undertaking the development makes little sense. Such restrictions would utterly defeat the purposes for which the work was allegedly commissioned.

While *res judicata* squarely bars the infringement claim in Count VI, plaintiff's Complaint nonetheless fails to state a claim and cannot state a claim[7]. The Court should dismiss Count VI on either of the bases stated above. However, at the very least, plaintiff should be required to make a more definite statement of the specific conduct of each defendant that constitutes infringement, each actor and his or her capacity and the dates of any conduct.

> 3. Upon dismissal of the federal claim, the Court should dismiss the pendent state claims.

Plaintiffs claim subject matter jurisdiction solely on the basis of a federal question, 28 U.S.C. § 1331. (Complaint, ¶ 11, Count VI)[8]. The remainder of their state claims are based only on supplemental jurisdiction under 28 U.S.C. § 1367. (Complaint, ¶ 11). The Eighth Circuit has held consistently that when the federal claims upon which original jurisdiction is based are dismissed, the Court should decline to exercise supplemental jurisdiction over remaining state law claims. *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009); *In re*

---

[7] Plaintiff Dix's untenable copyright claim is subject to a multitude of additional defenses not detailed herein because they depend on facts outside the record.

[8] The Complaint does not plead or otherwise demonstrate federal diversity jurisdiction. Federal question is the sole basis.

*Canadian Import Antitrust Litigation*, 470 F.3d 785, 792 (8th Cir. 2006) (same holding). *See also, Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (same). Because plaintiff Dix fails to state a claim in Count VI, the pendent state law claims (which is the full remainder of the Complaint) should be dismissed.

> **B. Plaintiff Dix fails to state a claim in Count V because an agreement to negotiate in the future is unenforceable as a matter of law.**

Plaintiff Dix claims that he is a third-party beneficiary to a stipulation under which defendant Griffin agreed with certain third parties (including Clayton Graham but not including plaintiff Dix) that Griffin would "negotiate settlement[ ] for purposes of releasing any claims by [Jeff Dix] against the Village of Cross Creek or Graham." (Complaint, ¶¶ 64-67). For clarification, a copy of the Stipulation to which plaintiff refers is attached as Exhibit 6. Rather than rely on plaintiff's heavily-paraphrased version in the Complaint, the paragraph at issue states:

> d. <u>Jeff Dix and Straight Line Construction.</u> Griffin further agrees that he will negotiate with Jeff Dix and Straight Line Construction and negotiate settlements with both of those business entities for purposes of releasing any claims by those entities against the Village of Cross Creek or Graham. Griffin agrees to pay for all litigation costs, including attorney fees and further agrees to pay any settlements or judgment.

(Ex. 6, p. 3).

The beneficiaries of this obligation would be the Village at Cross Creek, LLC, and/or Clayton Graham, in that they would obtain through Griffin's performance of the stipulation a release of claims potentially asserted against them by plaintiff Dix. Plaintiff Dix would not necessarily receive anything under the terms of the stipulation or through his release of claims. Rather, the clause operates more as an indemnification obligation toward Village at Cross Creek, LLC and Graham, and not as some necessary benefit to plaintiff Dix. The clause does not specify how Griffin must obtain the release or the consequences of failing to do so.

11

Even if Dix is a third-party beneficiary (which defendants deny[9]) he cannot state a claim for breach of contract based on this provision. Under Missouri law, an agreement to negotiate is not an enforceable contractual obligation. If the "parties have reserved the essential terms of [a] contract for future determination, there can be no valid agreement." *Fedynich v. Massood*, 342 S.W.3d 887, 892 (Mo. App. W.D. 2011). An agreement that "is nothing more than an undertaking to enter into later negotiations . . . does not constitute an enforceable contract." *Hoffman v. Franklin County Mercantile Bank*, 666 S.W.2d 446, 451 (Mo. App. E.D. 1984).

Plaintiff Dix therefore fails to state a claim in Count V against any defendant. Plaintiff's claim for relief against the four (4) corporate defendants is untenable regardless because he fails to fails to describe any basis upon they would be implicated or bound by the stipulation.

### C. Plaintiffs fail to state a claim in Counts III and IV for quantum meruit.

Plaintiffs' claims in Counts III and IV for quantum meruit fail to satisfy the pleading requirements prescribed by *Twombly* and *Iqbal*. They do not plead "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 194. They are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1940 (citation omitted).

Plaintiffs fail to specify which defendant, if any, requested plaintiffs' services or acquiesced in them. They assert only that "one or more of the Defendants or their authorized agents" did these things. No specific defendant or agent is identified. The relationship between each defendant, the Lakeside Development and plaintiffs' purported services is not described or

---

[9] Because, among other reasons, the Stipulation was not created for Dix's benefit and the clause at issue was not for Dix's primary benefit, rather, it was to protect settling parties, Dix's third-party beneficiary claim will fail. *See Realty Resources, Inc. v. True Docugraphics, Inc.*, 312 S.W.3d 393, 398 (Mo. App. E.D. 2010).

established. No time period is stated[10]. The manner in which each defendant may have been unjustly enriched by plaintiffs' alleged services is not described in any way.

Counts III and IV fit the description in *Iqbal* of a mere recitation of the elements of a cause of action supported only by conclusory statements. They fail to state a claim. At the very least, plaintiffs should be required to plead these claims with more definiteness and certainty.

### D. Plaintiffs fail to state a claim against any particular defendant in Counts I and II for breach of contract.

In Counts I and II for breach of contract, plaintiffs assert that they entered into a contract with Clayton Graham "on behalf of defendants G&G Ozark Development Company, Inc. and/or The Village at Cross Creek, LLC." (Complaint, ¶¶ 30, 39). Interestingly, in the Florida case, plaintiff Dix pleaded specifically that this contract was entered into on June 1, 2005, and that the contract was with William Griffin and RJR Contracting, LLC. (Ex. 1, ¶ 14). Of further interest, under the new, fundamentally changed iteration of these breach of contract claims, the two corporate defendants, G&G and Village at Cross Creek, were not even in existence until November 2005[11], some four (4) months after the purported "contract" was entered into between plaintiffs and Clayton Graham. Plaintiffs assert no facts indicating that G&G or Village and Cross Creek assumed Mr. Graham's personal contractual obligations, if any..

The Complaint fails to indicate how each defendant is a party to or liable under the alleged verbal contract between plaintiffs and Clayton Graham. Plaintiff Dix claims that he contracted with Clayton Graham to develop a master plan for the Lakeside development.

---

[10] The time of providing services will be a critical issue. Plaintiff asserted in Florida that he contracted on June 1, 2005, and that the services were to be performed in less than one year. (Ex. 1). This suggests that any claims based on quantum meruit, like for breach of oral contract, accruing more than five (5) years prior to the filing of the present lawsuit (i.e. prior to July 12, 2006) would be barred by the statute of limitation in section 516.120, RSMo. *E.J. Vitello Plumbing, Inc. v. Wayne M. Roberts, Inc*., 955 S.W.2d 222, 224 (Mo. App. E.D. 1997). Application of Florida law could shorten that time limitation further.

[11] Publicly available registration information available at https://www.sos.mo.gov/businessentity.

13
Case 2:11-cv-04174-MJW   Document 6   Filed 09/27/11   Page 17 of 20

(Complaint, ¶ 16). The entirety of the alleged agreements were between Dix, Dix.Lathrop and Clayton Graham. (Complaint, ¶¶ 13, 16-20, 30, 39). Each defendant's involvement and basis for liability is unstated or insufficiently pleaded.

Defendant William Griffin is not liable simply for being a "principal" in two corporate entities with which plaintiffs allegedly contracted. (Complaint, ¶ 15). The corporate form shields Griffin from liability unless it is disregarded based on an alleged and proven theory, such as *alter ego*. *See Fairbanks v. Chambers*, 665 S.W.2d 33, 37 (Mo. App. W.D. 1984); MO. CONST. ART. XI, § 8; MO. REV. STAT. § 351.275 (2000). There is no allegation that Griffin contracted with plaintiffs, personally owned any of the property at issue, that Graham was Griffin's personal agent or any other basis to make Griffin vicariously liable for Graham's acts or contracts.

The allegations against RJR, L.L.C. are equally tenuous and incomplete. Plaintiffs fail to describe how defendant RJR, LLC, is responsible for purported verbal contracts between plaintiffs and Clayton Graham. The Complaint also is completely devoid of any allegation upon which defendant VOC Investments, LLC, could be held contractually liable to the plaintiffs for their alleged contract with Clayton Graham.

Regarding defendants G&G Ozark Development Company, Inc. and Village at Cross Creek, LLC, plaintiff asserts that "on information and belief" they were developing Lakeside at Cross Creek (Complaint, ¶ 14) and that Graham contracted with the plaintiffs "on behalf of" these corporate defendants. (Complaint, ¶¶ 30, 39). Again, Graham's alleged contracting with plaintiffs occurred before these corporate defendants existed. The allegation is necessarily false.

Counts I and II fail to demonstrate that plaintiffs' allegations, if true, will make each defendant liable for the causes of action pleaded. They should be dismissed for failure to state a claim or, in the alternative, required to be more definitely pleaded.

### E. Plaintiffs' claims in Count I and II are necessarily barred either by the statute of limitations or the statute of frauds.

Either the Missouri statute of frauds or five (5) year statute of limitations will bar plaintiffs' claims for breach of contract in Counts I and II.

In the Florida case, plaintiff Dix asserted that he contracted on June 1, 2005, to provide services and that it was "a service contract not to exceed one (1) year." (Ex. 1, ¶¶ 13-14). If, as plaintiff asserted, the services at issue were performed in less than one (1) year, thus on or before June 1, 2006, the claims for breach of an oral contract outside the statute of frauds are barred by the applicable five (5) year statute of limitations in section 516.120, RSMo[12].

If, conversely, the contract was not to be performed within one (1) year, the statute of frauds bars recovery. Section 432.020, RSMo 2000, would preclude Plaintiff Dix from seeking enforcement if the contract was not to be performed within one year and is not evidenced by a writing signed by the party or parties against whom enforcement is sought. Similarly, his claim for an interest in real estate as payment for service is equally barred by the statute of frauds. Under Missouri law, "the statute of frauds may properly be raised in a motion to dismiss for failure to state a claim if it appears the contract in question is unwritten and the plaintiff fails to plead facts which would take the contract out of the operation of the statute." *Satterfield v. Missouri Dental Ass'n*, 642 S.W.2d 110, 112 (Mo. App. W.D. 1982).

## IV. CONCLUSION

WHEREFORE defendants pray the Court for its Order dismissing plaintiffs' Complaint, in the alternative ordering plaintiffs to make a more definite statement of their claims, and for such other and further relief as the Court deems just and proper.

---

[12] Florida imposes a four (4) year statute on breach of oral contract claims. FLA. ST. ANN. § 95.11(3)(k) (2010).

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**

s/ Matthew D. Turner
J. Kent Lowry #26564
Matthew D. Turner #48031
3405 West Truman Boulevard, Suite 210
Jefferson City, Missouri 65109-5713
(573) 636-8394
(573) 636-8457 (facsimile)
klowry@armstrongteasdale.com
mturner@armstrongteasdale.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via either ECF or, for those not registered with ECF, by first class mail, postage prepaid, on this 27th day of September, 2011, to the following:

Jane C. Drummond
Schreimann, Rackers, Francka and Blunt, L.L.C.
2316 St. Mary's Boulevard, Suite 130
Jefferson City, MO 65109

s/ Matthew D. Turner
Matthew D. Turner