**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| JEFFREY C. DIX., et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 11-4174-CV-C-MJW |
| | ) | |
| WILLIAM GRIFFIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is the motion to dismiss of defendants William Griffin, et al. Defendants argue the claims of plaintiffs Jeffrey C. Dix and Dix Lathrop and Associates, Inc., are barred by res judicata and/or for failure to set forth specific facts to support their claims for relief. Plaintiffs have filed suggestions in opposition which include additional documents to supplement and support the claims made in the original complaint against defendants.

### Background

In Dix v. Griffin, No. 09-2040 (M.D. Fl. 2010), the Florida court entered an order on March 23, 2010, dismissing the claims of plaintiff Jeffrey C. Dix that alleged breach of contract and violation of the Lanham Act. The court stated that plaintiff's Count I claiming violation of the Lanham Act failed to allege that he possessed a valid trademark; or that defendants used plaintiff's valid trademark in commerce in connection with sales, advertising, or any goods or services, or; that defendants used plaintiff's valid trademark in a manner likely to confuse customers. The court stated that plaintiff's simple reference to the Lanham Act was insufficient to confer subject matter jurisdiction to the court. The court further stated that without such jurisdiction under the Lanham Act, plaintiff's breach-of-contract claims could only survive a motion to dismiss if asserted as a diversity claim. Plaintiff's assertion of damages "in excess of $15,000.00" were determined to be insufficient to establish the necessary amount in controversy of $75,000.00 for diversity jurisdiction to be conferred.

In this same order, the Florida court granted plaintiff an opportunity for reconsideration if he could file an amended complaint within fourteen days setting forth a "proper basis for jurisdiction," of the court.

Subsequently, on April 26, 2010, the Middle District of Florida entered a final order closing the case. The court's order stated that plaintiff's motion for reconsideration with attached proposed amendment was denied as untimely and because the proposed amendment was futile. The court stated that the proposed amended complaint was futile because it failed to show plaintiff owned a registered trademark. The court stated the documents referenced in the proposed amended complaint were applications to the Copyright Office, and not a registered trademark. The court found that plaintiff failed to provide anything to show he owned a registered trademark as asserted in his Amended Complaint. The court went on to note that the breach-of-contract claims failed without the Lanham Act claims because plaintiff had failed to show the necessary amount in controversy to establish diversity jurisdiction. The court specifically held that "[p]laintiff having failed to assert a proper basis for jurisdiction in this Court in the Amended Complaint, allowing it to stand would be futile." The court denied plaintiff's motion for reconsideration of the court's previous order of dismissal.

## Discussion

Judicial opinions often obscure the issue of whether a case has been dismissed for lack of jurisdiction because some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 511 (2006). This is exactly the issue to be resolved in this case. Here, the Florida court's original order dismissing plaintiff's claims discussed the standard of a motion to dismiss under Rule 12(b)(6), but then cited the courts's basis for dismissal was the court's lack of subject matter jurisdiction. A lack of subject matter jurisdiction is a Rule 12(b)(1) dismissal, rather than a 12(b)(6) dismissal. The Florida court's subsequent order denying plaintiff's motion for reconsideration in the case stated that the prior dismissal for lack of subject matter jurisdiction would stand because the proposed amendment failed to establish the basic premise that plaintiff held a valid registered trademark as required to state a claim under the Lanham Act.

2

Although somewhat unclear, this Court believes the Florida court dismissed plaintiff's case for lack of subject matter jurisdiction. A dismissal for lack of subject matter jurisdiction was not a dismissal on the merits of plaintiff's claims. See Cook v. Gibbons, 124 Fed. Appx. 475 (8th Cir. 2005). See also Rains v. Rains, 221 F.3d 1343 (unpublished), 2000 WL 988300 (8th Cir. July 17, 2000) (noting distinction between 12(b)(6) and 12(b)(1) and that a dismissal for lack of subject matter jurisdiction under 12(b)(1) is not a dismissal on the merits of the claim). Therefore, plaintiffs' filing of the instant case is not barred by res judicata. Defendants' motion to dismiss on these grounds is denied.

As for defendants' remaining arguments seeking dismissal or, alternatively, a more definitive statement, this Court finds that dismissal of plaintiffs' claims at this stage in the proceedings is not warranted; however, defendants' alternative request for a more definitive statement has merit.

**Conclusion**

Plaintiffs will be granted 21 days in which to file an amended complaint setting forth sufficient facts to support each claim made against defendants William Griffin, et al. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (setting forth the pleading standard required). See also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Such facts should include the information set forth in the supplemental documents filed in opposition to defendants' motion to dismiss. Plaintiffs will be granted 21 days in which to file an amended complaint. After such amended complaint is filed, defendants may, if they believe there is a proper legal basis for doing so, file a motion to dismiss plaintiffs' amended complaint.

IT IS, THEREFORE, ORDERED that defendants' motion to dismiss is denied. [5] It is further

ORDERED that defendants' alternative motion for a more definitive statement is granted. [5] It is further

ORDERED that within 21 days, plaintiffs file an amended complaint setting forth the factual basis which supports each claim made against each of the defendants.

3

Dated this 27th day of April, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

4